FILED
SUPERIOR COURT
OF GUAM

2018 FEB 21 PM 12: 10

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CM0065-18 |
| | ) |
| v. | ) |
| | ) DECISION AND ORDER DENYING |
| MARIO ESPINOSA, | ) DEFENDANT'S *EX PARTE* MOTION AND |
| AKA DAVID ESPINOZA, | ) APPLICATION FOR BAIL |
| AKA MARIO JOAQUIN ESPINOSA, JR. | ) REDETERMINATION HEARING UNDER |
| DOB: 11/14/1989 | ) 8 G.C.A. § 40.50 FOR RELEASE ON |
| | ) PERSONAL RECOGNIZANCE |
| DEFENDANT. | ) |

## Introduction

This matter came before the Honorable Maria T. Cenzon on February 19, 2018 for a hearing on Defendant Mario Espinosa's ("Defendant") *Ex Parte* Motion and Application for Bail Redetermination Hearing Under 8 GCA § 40.50 For Release on Personal Recognizance (the "Motion"). Defendant was present and represented by Alternate Public Defender Annie Gayle. The People of Guam (the "People") was represented by Assistant Attorney General Terry VanEaton. Having reviewed the parties' written and oral arguments, the record, and law, the Court ruled from the bench DENYING Defendant's Motion. This Order further memorializes its ruling.

## Background

Defendant is charged with CHILD ABUSE (as a Misdemeanor). Magistrate's Complaint (Feb. 3, 2018). This charge arise out of an allegation made by a minor victim (C.P.S.D.

DOB:12/16/2006) that his mother's boyfriend, Defendant, "slapped the right side of his face, near his eye twice," thus causing abrasions and redness on the right side of [Minor's] face. *Id.*

On February 3, 2018, Defendant appeared before Magistrate Judge Benjamin Sison Jr. where bail was set at $1,000. On February 15, 2018, Defendant filed the instant Motion requesting the Court to release him on his own recognizance because he does not have the ability to pay the bail amount. Additionally, Defendant contends he will not be living in the same residence as the victim and/or the victim's mother. The People did not file a written opposition; however, the Court permitted both parties the opportunity to provide further oral arguments at the motion hearing.

At the hearing, Defendant, through counsel, reiterated the factors emphasized in his motion. Defendant spoke on the record that he "would pay the full (bail amount)," but is unable to do so because of other financial commitments. Motion Hearing at 9:51:56 to 9:52:24 (Feb. 19, 2018).

The People orally opposed the motion, citing Defendant's non-compliance in other criminal cases, including CF0383-17 a Family Violence case involving C.P.S.D's mother.[1] The government contends that a $1,000 bail amount is the least onerous condition that could be garnered.

//

//

//

---

[1] The People argued there could have been a no-contact order against the C.P.S.D.'s mother in CF0383-17, however, the Charges in this case suggests Defendant continues to be in contact with victim's mother. However, upon a review of Defendant's record in CF0383-17, and as Defendant interjected during the hearing, the stay-away order was uplifted. *See* Victim Waiver (Dec. 15, 2017); *See also* Judgment of Conviction (Guilty Plea Agreement) (Jan. 8, 2018).

## Discussion

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.10 of the Guam Code provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." *Id.* § 40.10. Section 40.15 (b) requires, "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). *Id.* § 40.15(b). The law identifies several factors in making such a determination, which in relevant part includes:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including:
>     (ii) his/her employment status and history, and financial condition;
>     (iii) his/her family ties and relationships;
>     (iv) his/her reputation, character and mental and physical condition;
>     (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
>     (vi) his/her history relating to drug or alcohol abuse;
>     (viii) whether, at the time of the current offense or arrest, he/she was o probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
>     (ix) his/her history of compliance with other Court orders;
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released.

*Id.* § 40.15(c). If a Court finds that a defendant is not suitable for release, it is to impose the least onerous of the following conditions of release:

> (a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
> (b) Placement of restrictions on the activities, movements, associations and residence of the person;
> (c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
> (d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or
> (e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20.

The Court is guided by the factors identified in Section 40.15(c), specifically with regards to Defendant's extensive prior criminal record, dating back to 2010. In addition to Defendant's criminal history, the Court is also concerned with Defendant's history of non-compliance with previous Court orders. The Court finds cause for denying the Motion based on the Family Violence case in CF0383-17, where Defendant was sentenced as recently as November, 2017. This new charge comes in the heels of release on the felony manner. Accordingly, Defendant's criminal record and history of non-compliance weigh against release on personal recognizance.

Although there are favorable factors, such as Defendant's employment status, the Court agrees with the government that a $1,000 bail is the least onerous condition that could be imposed by this Court.

//

//

//

## Conclusion

For the reasons stated above, the Court hereby DENIES Defendant's *Ex Parte* Motion and Application for Bail Redetermination Hearing Under 8 GCA §40.50 For Release on Personal Recognizance.

A Pre-trial Conference is scheduled for **February 27, 2018 at 11:00 a.m.**

**SO ORDERED** this _____ FEB 2 1 2018 _____ *nunc pro tunc* February 19, 2018.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Date: _____ Time: _____
Deputy Clerk, Superior Court of Guam